UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------
In re

    RORY B. MURPHY                                                  10-11176 B
    DIANE E. MURPHY,

                    Debtors                                **DECISION & ORDER**
---------------------------------------------------

                              Penney, Maier & Wallach
                              Mark S. Wallach, Esq., of counsel
                              169 Delaware Avenue
                              Buffalo, New York 14202
                              Attorneys for the Chapter 7 Trustee

                              UAW Legal Services Plan
                              Ruth R. Wiseman, Esq., of counsel
                              307 Cayuga Road, Suite 150
                              Cheektowaga, New York 14225
                              Attorneys for the Debtors

Bucki, Chief U.S.B.J., W.D.N.Y.

      The Chapter 7 trustee objects to the debtor's attempt to exempt from estate administration a voucher for the purchase of a General Motors vehicle. The issue is whether this voucher qualifies for the exemption that New York law allows for "a payment in compensation of loss of future earnings." N.Y. DEBT. & CRED. LAW § 282(3)(iv).

      In 2009, as part of its own restructuring, General Motors Corporation negotiated terms for the early retirement of various unionized employees. Pursuant to this arrangement, Rory B. Murphy retired from his position with the company. As partial consideration, Mr. Murphy received a commitment for his current pension as well as a voucher that he could use for the purchase of a new car. Although nominally in the amount of $25,000, the voucher is subject to withholding for state and federal taxes. Consequently, in papers given to Mr. Murphy, General Motors estimates that the voucher will represent an effective credit of approximately $15,500 toward the cost of a vehicle. Under its terms, the voucher is valid for eighteen months from the date of Murphy's retirement in August of 2009.

10-11176 B                                                                                                                2

Rory and Diane Murphy filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on March 26, 2010. In schedules filed with their petition, Mr. & Mrs. Murphy acknowledge ownership of the General Motors voucher and further assert that this asset is exempt from administration by reason of New York Debtor & Creditor Law § 282(3)(iv). Within thirty days of conducting the first meeting of creditors, the Chapter 7 trustee timely filed the present motion to disallow this claim of exemption.

As permitted by 11 U.S.C. § 522(b)(2), the State of New York has opted to establish its own standard for exemptions in bankruptcy. N.Y. Debt. & Cred. Law § 282. Although it has thereby preempted the federal standard, New York chose to adopt verbatim the particular exemption that would have been allowed under 11 U.S.C. § 522(d)(11)(E). Accordingly, pursuant to Debtor & Creditor Law § 282(3), a debtor in bankruptcy may exempt the "right to receive, or property that is traceable to: . . . (iv) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

The Chapter 7 trustee argues simply that the voucher does not constitute a payment in compensation of loss of future earnings. The debtors respond that Mr. Murphy received the voucher as an inducement to participate in a voluntary retirement program. After earning gross wages of more than $110,000 in 2008, Rory Murphy now receives an annual pension of $36,951.60. Mr. and Mrs. Murphy contend that the fact of income reduction serves as evidence for their position that the voucher represents payment of compensation for a loss of future earnings.

Most typically, Debtor & Creditor Law § 282(3)(iv) is used to exempt a tort recovery that provides compensation for a loss of future earnings. However, the statute speaks generally to all compensation, and does not limit its reach to claims in tort. By its language, section 282(3)(iv) has equal application to recoveries based on contract claims, including claims that may arise under a collective bargaining agreement.

Although Rory Murphy received his voucher as part of a voluntary retirement program, his retirement was nonetheless outside the ordinary course. Attempting to implement its own reorganization, General Motors Corporation offered the voucher as an inducement for early retirement. Without actuarial proof, we cannot say whether the resulting pension represents a diminution of entitlement. That, however, is not the standard for exemption under section 282(3)(iv). Rather, an exemption attaches to compensation for a "loss of future earnings." Today, in retirement, Rory Murphy receives earnings that are substantially less than what he earned during his period of employment. Given as an inducement to accept this new arrangement, the voucher is appropriately treated as partial compensation for this loss of future earnings. Accordingly, the voucher is exemptible under the New York Debtor & Creditor Law.

Section 282(3)(iv) states that compensation of loss of future earnings is exempt "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." In his papers, the trustee has challenged only the exemptible character of the voucher. Giving consideration only to the issue presented, the court will overrule the trustee's objection. To the extent that the trustee may wish now to make a further argument that the voucher is not reasonably necessary for the debtor's support, he may timely move for reconsideration of this decision.

So ordered.

Dated:      Buffalo, New York              /s/     CARL L. BUCKI
            July 14, 2010                  CARL L. BUCKI, CHIEF U.S.B.J., W.D.N.Y.